UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN GREENE,<br>        Plaintiffs | &#124; |
| v. | &#124;  Civil Action No. |
| BANK OF AMERICA, N.A.,<br>        Defendant. | &#124; |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, defendant Bank of America, N.A. ("Bank of America") hereby gives notice of removal from the Worcester Superior Court of the civil action entitled *Ian Greene v. Bank of America, N.A.*, No. 10-1066E (the "State Court Action") to this Court. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served on Bank of America in the State Court Action are attached hereto as Exhibit A.

In support hereof, Bank of America states as follows:

### A. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.

Removal of a civil action from state court to the district courts of the United States is proper if it involves a so-called "federal question," that is, one that arises under the Constitution, laws or treaties of the United States. The basis for removal of a state court case involving a "federal question" is found in 28 U.S.C. §§ 1331 and 1441. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Further, 28 U.S.C. § 1441(b) provides in relevant part that "[a]ny civil action of which the

district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

This Court's subject matter jurisdiction is based on 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1441(c) provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matter in which State law predominates."

The complaint filed by the plaintiffs in the State Court Action clearly arises under the laws of the United States. Count I of the complaint is captioned as "Violation of M.G.L. c. 93A," but it is clear from the face of the complaint that the plaintiff is alleging violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. and/or the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. See, e.g., Complaint, ¶¶ 2, 6, 2 (second reference), 4 (second reference), 25,  Pursuant to 28 U.S.C. § 1441(c), removal from the Worcester Superior Court to this Court is not precluded by the plaintiff's state law claim under Massachusetts General Laws chapter 93A.

### B. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(A)(1) AND 1441.

The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the State Court Action is being removed within

one year of its filing in the Worcester Superior Court, in compliance with 28 U.S.C. § 1446(b).

The citizenship of the parties is as follows:

1. **Defendant's Citizenship**

Defendant Bank of America, N.A. is a national banking association whose main office as designated in its articles of association is located in Charlotte, North Carolina. Therefore, Bank of America is a citizen of North Carolina for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1348 (national banks are deemed citizens of the states in which they are located); *Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 318 (2006) (a national bank for purposes of qualification for diversity jurisdiction is "located" in the state designated in its articles of association as its main office).

2. **Plaintiff's Citizenship**

On information and belief, plaintiff Ian Greene is a citizen of Massachusetts.

3. **Amount in Controversy**

Based on the plaintiff's statement of damages in the civil action cover sheet filed with his complaint, the plaintiff is seeking damages in the amount of $100,000. Thus, the amount in controversy in the State Court Action exceeds $75,000.

Accordingly, this Court is vested with subject matter jurisdiction over this action because complete diversity exists between the plaintiff and the defendant, and the amount of this controversy exceeds the jurisdictional amount set by 28 U.S.C. § 1332.

## C. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

Insofar as Bank of America was served with the complaint on June 9, 2010, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." Further, venue is proper in this

district under 28 U.S. C. § 1441(a) because the Worcester Superior Court is located in this district.

Pursuant to 28 U.S.C. § 1446(d), Bank of America will cause a copy of this Notice to be filed with the Clerk of the Worcester Superior Court promptly after the filing hereof, and shall give written notice hereof to all adverse parties.

    Respectfully submitted,

    **BANK OF AMERICA, N.A.**

    By its attorney,

    /s/ Bruce D. Berns
    Bruce D. Berns (BBO# 551010)
    Abendroth, Berns & Warner LLC
    40 Grove Street, Suite 375
    Wellesley, MA 02482
    (781) 237-9188 (telephone)
    (781) 237-8891 (facsimile)
    bruce@abwllc.com

Dated: June 29, 2010

*Certificate of Service*

I certify that on June 29, 2010, I caused a true and accurate copy of the foregoing to be served on G. Christopher Gleason, Esq., The Rose Law Firm PLLC, 501 New Karner Road, Albany, NY 12205, by first class mail, postage prepaid.

    /s/ Bruce D. Berns