# EXHIBIT A

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY:   **WORCESTER** | DOCKET NO.   ~~10-1066~~E |
|---|---|---|

| PLAINTIFF(S) Ian Greene | DEFENDANT(S) **Bank of America, N.A.** |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>G. Christopher Gleason, The Rose Law<br>Firm, PLLC, 501 New Karner Road, Albany<br>New York 12205 (518)869-9200<br><br>BBO# 653613 | ATTORNEY (IF KNOWN)<br><br>*SERVE DATE   6-9*<br>*TIME   12:30 P*<br>*SERVER   Kelly Lindberg*<br>*ID #   1751*<br><br>**RECEIVED**<br>JUN 14 '10<br>FL - LOPD |
|---|---|

### Origin code and track designation

Place an x in one box only:

[ X ] 1. F01 Original Complaint

[   ] 2. F02 Removal to Sup.Ct. C.231,s.104
(Before trial)   (F)

[   ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[   ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial)   (X)

[   ] 5. F05 Reactivated after rescript; relief from judgment/
Order (Mass.R.Civ.P. 60)   (X)

[   ] 6. E10 Summary Process Appeal   (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.          TYPE OF ACTION (specify)          TRACK                    IS THIS A JURY CASE?

**D99 Other Equitable Remedies (specify) - Fast Track**

Yes/No          Yes

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.   Documented medical expenses to date:

1. Total hospital expenses                                      $_____
2. Total Doctor expenses                                       $_____
3. Total chiropractic expenses                                 $_____
4. Total physical therapy expenses                             $_____
5. Total other expenses (describe)                             $_____
                                               Subtotal    $_____

B.   Documented lost wages and compensation to date    $_____
C.   Documented property damages to date                  $_____
D.   Reasonably anticipated future medical and hospital expenses  $_____
E.   Reasonably anticipated lost wages                        $_____
F.   Other documented items of damages (describe)

                                                                  $_____

G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)




Total $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

*93 A and FCRA based on D'S improper conduct in attempting to collect debts seeking legal and equitable relief a and damages*    TOTAL   *$100,000 ply*

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT


"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____          Date:  *5/12/10*

A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### * CONTRACTS

| | | |
|---|---|---|
| A01 | Services, Labor and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### *TORT

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence- personal injury/property damage | (F) |
| B04 | Other Negligence- personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical. | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c. 229, s. 2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury- slip & fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### * REAL PROPERTY

| | | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### EQUITABLE REMEDIES

| | | |
|---|---|---|
| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency G.L. c. 30A | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E07 | G.L. c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E11 | Worker's Compensation | (X) |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | |
| E15 | Abuse Petition, G. L. c. 209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L. c. 6, s. 178M | (X) |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | **Forfeiture G.L. c. 94C, s. 47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

**\*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.**
**\*\*Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.**

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes     [  ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.

10-1066 E

IAN GREENE,

Plaintiff (s)

) ) ) ) ) **SUMMONS**

v.

) ) ) )

BANK OF AMERICA, N.A.

Defendant (s)

)

\* To the above-named Defendant:

You are hereby summoned and required to serve upon *G. Christopher Gleason Esq. The Rose Law Firm, PLLC,* plaintiff's attorney, whose address is *501 New Karner Road, Albany, N.Y.* an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a) your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse,       Esquire, at Worcester, the................

day of ................................................ in the year of our Lord two thousand and ................................

Clerk

NOTES
1  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED  TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH 93A — MEDICAL MALPRACTICE — OTHER.

\*        NOTICE TO DEFENDANT. You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 1008.

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.:

**10-1066** ⌐

IAN  GREENE,    )
    )
        Plaintiff,    )
    )
    v.    )
    )
BANK OF AMERICA, N.A.    )
    )
        Defendant.    )
    )

RECEIVED

2010

CLERK OF COURTS

## COMPLAINT

### PLAINTIFF CLAIMS TRIAL BY JURY

1.    Plaintiff Ian Greene, resides at 282 Riverlin Street, Milbury, MA.

2.    Defendant Bank of America is a foreign limited liability company with a principal place of business located at Corporate Center, 100 North Tyron Street, Charlotte, North Carolina. The principal purpose of Defendant is the collection of debts within the commonwealth and its sister states and Defendant regularly attempts to collect debts alleged to be due to another party within the commonwealth.

3.    At all time relevant hereto, Defendant was engaged in trade or commerce within the meaning of M.G.L. c. 93A § 2.

4.    The Massachusetts Attorney General has promulgated specific regulations for the express purpose "to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from persons within the Commonwealth of Massachusetts".

5.      Defendant is a Creditor as that term is defined by 940 CMR 7.03.

6.      Defendant is a "debt collector" as defined pursuant to 15 U.S.C. § 1692 (a) (6) as it regularly uses instrumentalities of interstate commerce such as the mail and telephone in its business, the principal purpose of which is the collection of debts.

## FACTS

1.      Plaintiff has never maintained any account with Bank of America.

2.      In September 2008, following an identity theft incident, Plaintiff became aware that Defendant was reporting an account on his credit report identified by Defendant as            8046.

3.      On October 3, 2008, Plaintiff sent correspondence to Defendant notifying Defendant of this error and requesting that Defendant close the account or in the alternative provide validation of the alleged account by producing a copy of the account agreement or any other documentation regarding the account (correspondence dated October 3, 2008, Exhibit "A").

4.      Defendant failed to respond to Plaintiff's correspondence and continued to report the erroneous account improperly negatively to various credit reporting agencies.

5.      On December 3, 2008, Plaintiff again wrote to Defendant stating that he did not maintain the alleged account and requested any documentation which would indicate any valid account existed (correspondence dated December 3, 2008, Exhibit "B").

6.      On December 19, 2008, Defendant responded, not by providing any evidence the alleged accounts were valid but by merely stating that "that your dispute

falls outside of the guidelines detailed in the Fair Credit Billing Act" and demanding payment (correspondence dated December 19, 2008).

7.      On December 30, 2008, Plaintiff sent a third notice that the account was not valid which was yet again ignored by Defendant (correspondence dated December 30, 2008, Exhibit "D").

8.      As Defendant continued to fail to produce any documentation regarding the alleged accounts owed by Plaintiff yet continued to report them negatively to various credit reporting bureaus and demand payment, On December 30, 2008, Plaintiff timely notified Defendant of his intention to assert his right of inspection concerning the alleged debt as set forth in 940 CMR 7.08 by specifically informing Defendant of his intention to inspect any papers which bore his signature in possession of Defendant concerning the alleged debts as well as any other records concerning the alleged debts (correspondence dated December 30, 2008, Exhibit E).

9.      When Plaintiff arrived to inspect the documents, no documents were provided which is an unfair or deceptive practice pursuant to 940 CMR 7.08.

10.     Notwithstanding the continued failure of Defendant to produce any information which would serve to validate the alleged debt, on January 20, 2009, Plaintiff sent yet another notice of his intention to exercise his right of inspection pursuant to 940 CMR 7.08 (correspondence dated January 20, 2009, Exhibit "F").

11.     When Plaintiff arrived at the notice time and place for inspection Defendant once again failed to produce any of the requested documents in violation of 940 CMR 7.08.

12.     Rather than provide the requested documentation or recognize its errors, Defendant sent the account to various collection agencies which began a campaign of harassing Plaintiff and further damaging his credit.

13.     Defendant and its agents repeatedly violated 940 CMR 7.04 by, among other things, failing to send Plaintiff the required written notices, calling Plaintiff at his residence in excess of two (2) times in a seven day period, calling Plaintiff more than two (2) times in a 30 day period at his place of employment, misrepresenting the nature and character of the alleged debt as well as threatening improper legal action.

14.     As a result of the actions of Defendant and its various agents, Plaintiff suffered a greatly increased number of cluster headaches, loss of credit rating, headaches, nausea, embarrassment and incurred sick leave and expenses for medication and day care for dependants.

15.     Defendant made numerous unauthorized withdrawals from Plaintiff's Bank Accounts.

16.     Notwithstanding, numerous notices, Defendant has failed to return any of the amounts improperly taken from Plaintiff's account through unauthorized withdrawals.

17.     In an final effort to have Defendant comply with its legal obligations, on July 27, 2009, Plaintiff once again sent correspondence to Defendant in an effort to assert his right of inspection pursuant to 940 CMR 7.08 (correspondence dated July 27, 2009, Exhibit "G").

18.     Yet again Defendant failed to produce any documentation concerning the alleged debt at the time and place set for inspection.

4

19.    Notwithstanding its repeated failure to provide any evidence that the account was valid and after receiving at least six (6) notices from Plaintiff that the accounts and the alleged debts were not valid, on September 11, 2009, through its subsidiary FIA Card Services, Defendant commenced an improper action in Worcester District Court seeking judgment against Plaintiff in the amount of $31,112.49 (summons and complaint, Exhibit "H").

20.    Plaintiff was forced to retain counsel and defend himself in this frivolous action. In opposition to Plaintiff's motion for summary judgment, Defendant once again failed to produce any evidence that the alleged debts or accounts were valid.

21.    Unfortunately, the District Court did not reach the merits of the motion for summary judgment as it was clear that Defendant had brought the action seeking an amount which was clearly beyond the jurisdictional limit of the District Court (Order dismissing the action dated February 16, 2010, Exhibit "I").

22.    On March 19, 2010, Plaintiff, through counsel, sent Defendant a MGL c 93A letter informing Defendant of its clear and continued violations of MGL c 93A (correspondence dated March 19, 2010, Exhibit "J").

23.    Defendant failed to respond to the MGL c 93A notice.

## COUNT I

### (Violation of M.G.L. c 93A)

24.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

25.     The Defendant's violations of the Fair Credit Reporting Act and other consumer protection statutes constitute a violation of M.G.L. c 93A pursuant to 940 C.M.R. 3.16.

26.     The actions of Defendant alleged herein violate 940 CMR §§ 7.04, 7.05, 7.07 and 7.08.

27.     Failing to comply with the standards set forth in 940 CMR 7.00 et. seq. is a violation of MGL c. 93A.

28.     As a result of its numerous violations of MGL c. 93A, Defendant is liable to Plaintiff for all actual damages sustained by him or the sum of twenty five (25) dollars, whichever is greater, as well as an award of reasonable attorneys fees and the costs of the action.

29.     As Defendant's violations of MGL c. 93A were knowing and willful, the amount of actual damages which Plaintiff is entitled to recover from Defendant should be trebled by the Court.

WHEREFORE, the Plaintiff respectfully requests that the Court:

1. Enter judgment for Plaintiff against Defendant;

2. Enter an injunction against Defendant preventing defendant from any further collections activity against Plaintiff;

3. Award damages to the Plaintiff in an amount to be determined by the Court;

4. Treble such amount as provided by MGL c. 93A § 9 (3);

5. Award Plaintiff interest, costs and a reasonable attorney's fees as provided by MGL c. 93A § 9 (4); and

6. Award such other and further relief as this Court deems just and proper.

Dated:    Albany, New York
          May 12, 2010

                        Respectfully submitted,
                        Ian Greene
                        By his attorneys

                        G. Christopher Gleason, Esq.  (B.B.O.#:653613)
                        THE ROSE LAW FIRM, PLLC
                        501 New Karner Road
                        Albany, New York 12205
                        (518) 869-9200

J:\Data\Fair Debt\Mass\Matter\Greene, Ian\FIA v Greene - 20002\Pleadings\complaint.doc

EXHIBIT "A"

Ian Greene
282 Riverlin St.
Millbury, MA 01527


**First Notice:**

TO: Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019
Date: 10/3/2008
Re: Account No: ¦       ¦80 46

Dear Sir/Madam,


Due to a recently reported identity theft (as reported to me by Citibank) a full accounting of my finances was performed and all reported accounts on my credit report have been investigated. Included in the review of my credit report was found the account referenced above. Although payments have been made, this appears to be in error. I have been unable to find the source of this debt, and have no recollection of creating an account with your firm.

This notification, sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b), informs you that your claim is disputed and a validation is demanded. I demand that the following actions be performed.

1. Close any accounts you have associated with me.
2. Provide validation of the debt listed including copies of the following:
   a. A copy of the original agreement, signed by me, validating the source of the debt.
   b. Documentation, signed by me, regarding the source of the debt amount listed on the account.
   c. Accounting of any payments made on this account.

Please reply no later than November 15th 2008 to avoid further action.


With regards,


Ian Greene

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | | |
|---|---|---|
| Postage | $ $0.42 | 0536 |
| Certified Fee | $2.70 | 09 |
| Return Receipt Fee (Endorsement Required) | $2.20 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.32 | 11/03/2008 |

Sent To  Bank of America
Street, Apt. No.; or PO Box No.  P.O. Box 15019
City, State, ZIP+4  Wilmington, DE 19866-5019

7008 0150 0002 3335 3466

PS Form 3800, August 2006      See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of America
P.O. Box 15019
Wilmington, DE
19866-5019

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Russell Smith_      ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )  Russell Smith     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)     7008 0150 0002 3335 3466

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

EXHIBIT "B"

Ian Greene
282 Riverlin St.
Millbury, MA 01527

**Second Notice:**

TO: Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019
Date: 12/3/2008
Re: Account No:                    80 46

Dear Sir/Madam,

Due to a recently reported identity theft (as reported to me by Citibank) a full accounting of my finances was performed and all reported accounts on my credit report have been investigated. Included in the review of my credit report was found the account referenced above. Although payments appear to have been made, this appears to be in error, and all payments have ceased. I have been unable to find the source of this debt, and have no recollection of creating an account with your firm.

This letter is being sent to you as a second notice; the first notice was received by Bank of America on November 6th 2008 and has not been responded to.

Be advised that this is a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested. This is NOT a request for "verification" or proof of my mailing address, but a request for FULL MEDIA VALIDATION made pursuant to the above named Title and Section. I respectfully request that your offices provide me with competent evidence that (a) the account is valid, (b) the amount allegedly owed is accurate, and (c) I have a contractual obligation to pay Bank of America for this alleged debt.

All of the following MUST be provided to adequately validate the authenticity of the alleged debt AND provide proof of my contractual obligation to Bank of America for this alleged debt:
• Signed credit application between myself and the original creditor
• Copies of all signed vouchers from the date account was opened until default
• Copies of all statements from the date account opened until default
• Proof of the statute of limitations
• If the alleged debt was purchased, provide a copy of the contract Bank of America purchased for the alleged debt.
• If the alleged debt was purchased, provide a copy of an agreement between Bank of America and myself, signed by me, stating that I have a contractual responsibility to Bank of America for the alleged debt

Be advised that failing to provide ALL of the media requested to validate the alleged debt will invalidate any and all claims Bank of America is asserting regarding this alleged debt.

If Bank of America can NOT provide all of the validation media requested above, ALL collection efforts MUST be stopped and the account must be deleted from the Bank of America and all credit reporting agencies. If you can NOT validate your claim, you can NOT, by law, collect on it, or sell it to another collection agency. Also, reporting a debt to the credit reporting agencies that cannot be validated is a violation of the FCRA (Fair Credit Reporting Act), and carries a $2500 fine to be paid to me. I have two years to decide if I want to pursue this matter.

PLEASE GIVE THIS MATTER THE ATTENTION IT DESERVES.

If your offices are able to provide all of the validating media as requested, I will require at least 30 days to investigate this information, and during such time, all collection activity must cease and desist.

I am also stating, in writing, that no telephone contact be made by your offices. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment, and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by United States Postal Service.

Please reply no later than December, 31st 2008 to avoid further action.

With regards,

Ian Greene

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | | |
|---|---|---|
| Postage | $ | $0.42 | 0536 |
| Certified Fee | | $2.70 | 08 |
| Return Receipt Fee (Endorsement Required) | | $2.20 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.32 | 12/05/2008 |

Sent To  *Bank of America*
Street, Apt. No.; or PO Box No.  *P.O. Box 15019*
City, State, ZIP+4  *Wilmington DE 19886-509*

7008 1830 0004 4965 5527

PS Form 3800, August 2006       See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Bank of America*
*P.O. Box 15019*
*Wilmington, DE*
*19886-5019*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                             ☐ Addressee
Gregory N. Panohisin

B. Received by (Printed Name)   C. Date of Deliver

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7008 1830 0004 4965 5527

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-154

EXHIBIT "C"



IAN C GREENE
282 RIVERLIN ST
MILLBURY, MA 01527-1527

December 19, 2008

Account No:             3046

Dear Ian C Greene,

We recently received correspondence regarding a billing dispute on your account. After completing a thorough investigation, we have determined that your dispute falls outside of the guidelines detailed in the Fair Credit Billing Act (FCBA). Additionally, our review found that all fees and finance charges were properly assessed to this account. Based on this investigation, Bank of America considers this matter resolved.

As a reminder, failure to pay your monthly minimum payment may result in your account being referred to an attorney to enforce your obligation under your Credit Card Agreement, which states that Legal proceedings may result in a judgment and can be enforced to the fullest extent of the law.

Please send a payment of $1,158.00 by December 31, 2008 in accordance with the terms and conditions of your contract, to P.O. Box 15137, Wilmington, DE 19850-15137. If you do not have a remittance slip, please put the account number in the memo section of the check.

If you feel you have additional information that would allow us to pursue a different course of action, we need to hear from you. Please call 1.800.294.7597 by December 31, 2008 Monday through Thursday 8 a.m. to 9 p.m., Friday 8 to 5, or Saturday 8 to 12 Eastern. Our knowledgeable Account Managers are ready to assist you.

Sincerely,


Customer Assistance Department


MMMB

Recycled Paper

EXHIBIT "D"

Ian Greene
282 Riverlin St.
Millbury, MA 01527

### Third and Final Notice:

TO: Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019
Date: 12/30/2008
Re: Account No:          ) 5567

Re: Account No:          )34 42

Re: Account No:          _80 46

Dear Sir/Madam,

This Notice is in response to your efforts to collect on these accounts. I have been unable to find the source of these debts, and have no recollection of creating any accounts with your firm.

This letter is being sent to you as the third and final Notice; I have made the following previous attempts to address these accounts.
* First Notice was received by Bank of America on November 6th 2008 and was not responded to.
* Second Notice was received by Bank of America on December 8th 2008 and was not responded to.

Be advised that this final Notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested. This is not a request for "verification" or proof of my mailing address, but a request for full media validation made pursuant to the above named Title and Section. I respectfully request that your offices provide me with competent evidence that (a) the accounts are valid, (b) the amount allegedly owed is accurate, and (c) I have a contractual obligation to pay Bank of America for these alleged debts.

Further, this letter is to serve as a formal Notice that you are currently violating my rights under FCRA § 616 Civil liability for willful noncompliance [15 U.S.C. § 1681n]. As I have not heard back from you in reference to the above Notices, regarding my demand for validation. You have not supplied the requested proof of the alleged debt, under the doctrine of estoppels by silence, Engelhardt v Gravens (Mo) 281 SW 715, 719, I may presume that no proof of the alleged debt, nor therefore and such debt, in fact exists.

I continue to demand validation of these alleged accounts. Specifically the alleged contracts or other instrument bearing my signature, as well as proof of your ownership of this alleged debt and a complete statement of accounting. Absent such proof, you must terminate this collection action and remove this erroneous report of this debt as mine from the credit-reporting agencies.

All of the following must be provided to adequately validate the authenticity of the alleged debt and provide proof of my contractual obligation to Bank of America for this alleged debt:

- Signed credit application between myself and the original creditor
- Copies of all signed vouchers from the date account was opened until default
- Copies of all statements from the date account opened until default
- Proof of the statute of limitations
- If the alleged debt was purchased, provide a copy of the contract Bank of America purchased for the alleged debt.
- If the alleged debt was purchased, provide a copy of an agreement between Bank of America and myself, signed by me, stating that I have a contractual responsibility to Bank of America for the alleged debt

Be advised that failing to provide all of the media required to validate the alleged debt will invalidate any and all claims Bank of America is asserting regarding this alleged debt.

You have ten calendar days from receipt of this final Notice to respond with the above referenced documentation. I retain the right to use your receipt of this Notice by me or my legal representative in any further legal action I may pursue. Your failure to respond, in writing, with the above referenced documentation will serve as a waiver to any and all of your claims in this matter, and will entitle me to presume that your claims are in error, and that this matter is permanently closed.

Your continued silence is unacceptable. Either provide the proof as referenced above, or correct the record to remove all references of the invalid debts from my credit files with the three primary credit-reporting agencies. You are currently in violation of the Fair Credit Reporting Act and the Fair Debt Collection Act.
Failure to respond within ten calendar days of receipt of this registered letter (with return receipt) will begin my small claims action against your company. I will be seeking damages for the following:

1) Defamation
2) Negligent Enablement of Identity Fraud
3) Violation of the Fair Credit Reporting Act

For the purposes of 15 USC 1692 et seq., this Notice has the same effect as a dispute of the validity of the alleged debt and a dispute to the validity of your claims. This Notice is an attempt to correct your records, and any information received from you will be collected as evidence should any further action be necessary. This is a request for information only, and is not a statement, election, or waiver of status.

If your offices are able to provide all of the validating media as requested, I will require at least thirty days to investigate this information, and during such time, all collection activity must cease and desist.

I am also stating, in writing, that no telephone contact be made by your offices. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment, and I will have no choice but to file suit. All future communications with me must be done in writing and sent to the address noted in this letter by United States Postal Service.

With regards.

Ian Greene

EXHIBIT "E"

Ian Greene
282 Riverlin St.
Millbury, MA 01527

**Second Notice:**

TO: Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019
Date: 12/30/2008
Re: Account No:            5567

Re: Account No:      34 42

Re: Account No:      80 46

Dear Sir/Madam,

Due to a recently reported identity theft (as reported to me by Citibank) a full accounting of my finances was performed and all reported accounts on my credit report have been investigated. Included in the review of my credit report was found the accounts referenced above.

I have been unable to find the source of these debts, and have no recollection of creating any accounts with your firm. In response to your collection efforts this is a request for information and/or to inspect any documentation in the possession of Bank of America ("BOA") this letter is being sent to you as a request for inspection of any documentation in the possession of BOA.

I request that Bank of America provide me a copy of or the ability to inspect and copy any documents that exist in the following categories;

  1) All papers or copies of papers in your possession which bear my signature and which concern these debts;
  2) Any ledger, account card, or similar record in your possession which reflects the date and amount of all payments, all credits, and all charges concerning these debts.

I will be at you facilities at 306 Turnpike Rd, Westborough, MA 01581 at 9am Monday January 12, 2009 to perform this inspection. Under Mass CMR, it is your duty to provide this information.

With regards,

Ian Greene

EXHIBIT "F"

Ian Greene
282 Riverlin St.
Millbury, MA 01527

<u>Second Notice:</u>

TO: Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019
Date: 1/20/2009
Re: Account No:              5567

Re: Account No: ˙       /34 42

Re: Account No:         .80 46

Dear Sir/Madam,

Due to a recently reported identity theft (as reported to me by Citibank) a full accounting of my finances was performed and all reported accounts on my credit report have been investigated. Included in the review of my credit report was found the accounts referenced above.

I have been unable to find the source of these debts, and have no recollection of creating any accounts with your firm. In response to your collection efforts this is a request for information and/or to inspect any documentation in the possession of Bank of America ("BOA") this letter is being sent to you as a request for inspection of any documentation in the possession of BOA.

I request that Bank of America provide me a copy of or the ability to inspect and copy any documents that exist in the following categories:

1) All papers or copies of papers in your possession which bear my signature and which concern these debts;

2) Any ledger, account card, or similar record in your possession which reflects the date and amount of all payments, all credits, and all charges concerning these debts.

I will be at you facilities at 306 Turnpike Rd, Westborough, MA 01581 at 9am Monday February 9, 2009 to perform this inspection. Under Mass CMR, if you continue to fail to provide for this inspection it will serve as a waiver to any and all of your claims in this matter, and entitles me to presume that your claims are in error, and that this matter is permanently closed. If you do provide for this inspection any documentation not presented will be void, and cannot be presented in the future.

With regards,

Ian Greene

EXHIBIT "G"



Ian Greene
282 Riverlin St.
Millbury, MA 01527

**Request for Inspection:**
TO: Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019
Date: 7/27/2009
Re: Account No: ·        , 5567, ·        )34 42, and        .80 46

Dear Sir/Madam,

I have been unable to find the source of these debts, and have no recollection of creating any accounts with your firm. After many previous requests for information and attempts to inspect any documentation in the possession of Bank of America ("BOA") this letter is being sent to you as a final request for inspection of any documentation in the possession of BOA.

I request that Bank of America provide me the ability to inspect and copy any documents that exist in the following categories;

1)   All papers or copies of papers in your possession which bear my signature and which concern these debts;

2)   A ledger, account card, or similar record in your possession which reflects the date and amount of all payments, all credits, and all charges concerning these debts.

I will be at you facilities at 306 Turnpike Rd, Westborough, MA 01581 at 9am Monday August 3, 2009 to perform this inspection. Under Mass CMR, if you continue to fail to provide for this inspection it will serve as a waiver to any and all of your claims in this matter, and entitles me to presume that your claims are in error, and that this matter is permanently closed. If you do provide for this inspection any documentation not presented will be void, and cannot be presented in the future.

Regards,

Ian Greene

EXHIBIT "H"

**Commonwealth of Massachusetts**

DISTRICT COURT DEPARTMENT
WORCESTER DIVISION

*TRUE COPY ATTEST*

DEPUTY SHERIFF

Worcester, ss.

FIA Card Services, Plaintiff

v.

Ian C. Greene, Defendant

Civil Action No. 0962 CV 2913

### SUMMONS
(Rule 4)

To defendant Ian C. Greene _____ of 282 Riverlin St., Millbury, MA. 01527-4134

You are hereby summoned and required to serve upon Kenneth G. Wilson , plaintiff's attorney, whose address is P.O. BOX 9127 Needham, MA. 02492-9127 , a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff's attorney, or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS, PAUL F. LOCONTO , Presiding Justice, on September 15, 2009 .

*Thomas J. Noonan*

THOMAS F. NOONAN CLERK

Notes: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On _____ (date of service) , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (See Rule 4 (d) (1-5)):

(signature)

(name and title)

(address)

Notes: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, at the extra may be, who has requested such service. Proof of service shall be made promptly and in any event within the time during which the person served must respond to the process. Rule 4(h).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, in the original returned to the court and on the copy returned to the person requesting service in his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

*This form prescribed by the Chief Justice of the District Courts*

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

Worcester District Court
CIVIL ACTION NO. 09CQ CV 2913

FIA Card Services, N.A.
                    PLAINTIFF,

VS.                                        COMPLAINT

Ian C. Greene
                    DEFENDANT.


1.  The Plaintiff, FIA Card Services, N.A.
    is a duly organized corporation with its usual place of
    business at
    1100 N. King St
    Wilmington, DE 19884

2.  The Defendant(s), Ian C. Greene
    is (are) an individual(s) presently residing at
    282 Riverlin St
    Millbury, MA 01527-4154

3.  The Defendant(s) owe(s) the Plaintiff the sum of    $31112.49
    for the unpaid balance due for money loaned to the defendant
    by the plaintiff on a Credit Card Account

WHEREFORE, the plaintiff demands judgment against the
Defendant(s) in the sum of    $31112.49   plus interest thereon from
7/21/09, date of demand and the costs of this action.


                              Plaintiff, by its attorney

                              /S/
                              _____
                              Kenneth C. Wilson, BBO# 529910
                              Ronald E. Lustig, BBO# 308040
                              Dean A. Heinold, BBO# 636145
                              Richard Tirrell, BBO# 633839
                              LUSTIG, GLASER & WILSON, P.C.
                              PO Box 9127
DATE:   9/11/09               Needham, MA 02492-9127
FILE:  63C633                 (800) 743-8602
COMPLAIN-02

WORCESTER DISTRICT COURT

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

Worcester District Court
CIVIL ACTION NO.

FIA Card Services, N.A.
           PLAINTIFF,

VS.

AFFIDAVIT PURSUANT TO
M.G.L. CHAPTER 231, SECTION 13B

Ian C. Greene
           DEFENDANT.

The undersigned states that he is a duly authorized officer, employee, agent, or attorney of the Plaintiff and is familiar with the books and records of the Plaintiff as they pertain to the account balance of the Defendant(s) and that the amount due the Plaintiff as set forth in the ad damnum of the Plaintiff's Complaint was calculated by totalling all charges and debits to the account and subtracting therefrom any credits believed to be due the defendant.

Your affiant states that the foregoing information is accurate and complete to the best of his knowledge and belief this day under the pains and penalties of perjury.

AMOUNT DUE THE PLAINTIFF:   $31112.49

Kenneth C. Wilson, BBO# 529910
Ronald E. Lustig, BBO# 308040
Dean A. Heinold, BBO# 636145
Richard Tirrell, BBO# 633839
LUSTIG, GLASER & WILSON, P.C.
PO Box 9127
Needham, MA 02492-9127
(800) 743-8602

DATE:   9/11/09
FILE: 63C633

COMPLAIN-03

DISTRICT COURT DEPARTMENT

| STATEMENT OF DAMAGES G.L. c. 210, § 1BA (a) | DATE FILED (to be added by Clerk) | DOCKET NO. (to be added by Clerk) | Trial Court of Massachusetts District Court Department |
|---|---|---|---|

**PLAINTIFF(S)**
FIA Card Services, N.A.

**DEFENDANT(S)**
Ian C. Greene

INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

Worcester District Court _____ DISTRICT COURT

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | $ |
| 2. Total doctor expenses: | $ |
| 3. Total chiropractic expenses: | $ |
| 4. Total physical therapy expenses: | $ |
| 5. Total other expenses (Describe): | $ |
| SUBTOTAL: | $ |
| B. Documented lost wages and compensation to date: | $ |
| C. Documented property damages to date: | $ |
| D. Reasonably anticipated future medical and hospital expenses: | $ |
| E. Reasonably anticipated lost wages: | $ |
| F. Other documented items of damage (Describe): | $ |
| G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe): | |
| For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL: | $ |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): The Defendant(s) owe(s) the Plaintiff the sum of for the unpaid balance due for money loaned to the defendant by the plaintiff on a Credit Card Account | $ |
| | $ |
| | $ |
| For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL: | $ 31,112.49 |

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF)

Signature _____ Date 9/11/09

Print Type Name: LUSTIG, GLASER & WILSON, P.C.  B.B.O.#

Address: PO Box 9127
Needham, MA 02492-9127

DEFENDANT'S NAME AND ADDRESS:
Ian C. Greene
282 Riverlin St.
Millbury, MA 01527-4154

Commonwealth of Massachusetts
Trial Court

Worcester District Court
Department

## UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES

CASE NAME: FIA Card Services, N.A.
          V. Ian C. Greene

DOCKET #: _____

I am attorney-of-record for: FIA Card Services, N.A.

plaintiff in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules
on Dispute Resolution (SJC Rule 1:18) which states in part: "...Attorneys
shall provide their clients with this information about court-connected
dispute resolution services; discuss with their clients the advantages and
disadvantages of the various methods of dispute resolution; and certify
their compliance with this requirement on the civil court sheet or its
equivalent...," I hereby certify that I have complied with this
requirement.

Signature of Attorney-of-Record
Kenneth C. Wilson, BBO# 529910
Ronald E. Lustig, BBO# 308040
Dean A. Heinold, BBO# 636145
Richard Tirrell, BBO# 633839

Date: September 11, 2009

File: 63C633

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS                              WORCESTER DISTRICT COURT
                                           CIVIL ACTION NO.:

FIA Card Services, N.A.
                    Plaintiff

V.

Ian C. Greene
                    Defendant(s)

CORPORATE DISCLOSURE STATEMENT ON
POSSIBLE JUDICIAL CONFLICT OF INTEREST

{Supreme Judicial Court Rule 1:21}

Pursuant to the provisions of Supreme Judicial Court Rule 1:21 the following disclosure is offered regarding the ownership of the Plaintiff:

Parent Corporation of Plaintiff: Bank of America Corporation.

Publicly Held Corporation(s) owning 10% or more of Plaintiff's Stock: None.

Plaintiff by its attorney,

Kenneth C. Wilson, BBO# 529910
Ronald E. Lustig, BBO# 308040
Dean A. Heinold, BBO# 636145
Richard Tirrell, BBO# 633839
LUSTIG, GLASER & WILSON, P.C.
PO Box 9127
Needham, MA 02492-9127
Tel. (800) 743-8602

Date Printed: September 11, 2009
File: 63C633

EXHIBIT "I"

| NOTICE TO THE PARTIES | DOCKET NUMBER<br>200962CV002913 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

CASE NAME  FIA CARD SERVICES, N.A.  vs.  IAN C. GREENE

| PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br>D01  IAN C. GREENE<br>282 RIVERLIN ST.<br>MILLBURY, MA 01527 | CURRENT COURT<br>Worcester District Court<br>225 Main Street<br>Worcester, MA 01608<br>(508) 831-2010    073833 |
|---|---|

| ATTORNEY FOR PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br>D01  GEORGE CHRISTOPHER GLEASON<br>THE ROSE LAW FIRM, PLLC<br>501 NEW KARNER ROAD<br>ALBANY, NY 12205 | DISMISSAL FOR FAILURE TO ACT ON<br>DEFAULT UNDER JOINT STANDING<br>ORDER 1-04 OR DIST. | 66666<br>WHEN<br>YOU<br>MUST<br>APPEAR<br>66666 |
|---|---|---|
| | ROOM/SESSION | |

**TO THE PARTIES TO THIS CASE:**

The enclosed indicates the court's action in this matter.

Motion for Summary Judgment- Allowed as to that portion of the motion to dismiss for jurisdiction.  No decision necessary on Summary Judgment. Bef. Gardner, J.

**RECEIVED**
**THE ROSE LAW FIRM, PLLC**

FEB 1 8 2010

CASE: Greene (FIA)

FILE: 10016-20002

POSTMARK DATE: MAIL

MATTER DATE: HAND

RECD BY: EXPRESS

ENTERED:

| DATE ISSUED<br>02/16/2010 | CLERK-MAGISTRATE<br>C-M Thomas J. Noonan |
|---|---|

Date/Time Printed:   02/16/2010 02:41 PM